IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KANSAS CITY LASER, ET AL., )
)
    Plaintiffs, )
)
v. ) Case No. 4:05-1001-CV-W-DW
)
MCI TELECOMMUNICATIONS )
CORPORATION, ET AL., )
)
    Defendants. )

ORDER

Before the Court is Defendants' Motion to Dismiss. For the following reasons, Defendants' Motion is GRANTED.

On December 2, 2005, MCI filed a motion to dismiss Plaintiff's complaint for failure to state a cause of action (Doc. 5). Plaintiffs twice requested, and were granted, extensions of time to respond to Defendants' Motion to Dismiss. Plaintiff's response, due January 10, 2005, however, was not filed at that time. Instead of filing a response to Defendants' Motion to Dismiss, Plaintiffs filed a Motion to Remand (Doc. 10). Defendants proceeded to oppose Plaintiffs' Motion to Remand. It was over one month later when Plaintiffs, without leave of Court, responded to Defendants' Motion to Dismiss – in their Reply Suggestions in Support of their Motion to Remand (Doc. 14).

A court may, upon motion, after the expiration of a specified period under which an act is required or allowed, where the failure to act was the result of excusable neglect, extend the time for taking an action. FED. R. CIV. P. 5. In this case, Plaintiffs have neither motioned the Court

for leave to file a response to Defendants' Motion to Dismiss nor shown that failure to file such response is the result of excusable neglect. Accordingly, the Court refuses to accept Plaintiffs' Response as timely filed and considers Defendants' Motion to Dismiss on the merits, without the benefit of Defendants' Suggestions in Response.

Defendants motion to dismiss Plaintiffs' complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "To avoid dismissal on a motion to dismiss for failure to state a claim, a complaint must allege facts sufficient to state a claim as a matter of law and not merely legal conclusions." Young v. City of St. Charles, Mo., 244 F.3d 623, 627 (8th Cir. 2001). In considering a Rule 12(b)(6) motion to dismiss, the Court must accept the factual allegations contained in the complaint as true and construe them in the light most favorable to the plaintiff. Botz v. Omni Air Int'l., 286 F.3d 488, 489 (8th Cir. 2002). A court may dismiss a case for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Hishon v. King & Spalding, 467 U.S. 69, 71 (1984). At the very least, the complaint must contain facts which state a claim as a matter of law and must not be conclusory. Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995). This Court is "free to ignore legal conclusions, unwarranted inferences and sweeping legal conclusions case in the form of factual allegations." Farm Credit Serv. of Am. v. Am. State Bank, 339 F.3d 164, 767 (8th Cir. 2003).

Plaintiffs' complaint alleges: (1) general negligence; (2) negligent failure to supervise; (3) negligent infliction of emotional distress; (4) intentional infliction of emotional distress; and (5) intentional failure to supervise.

A negligence claim must allege "(1) a legal duty of the defendant to protect the plaintiff

from injury; (2) breach of the duty; (3) proximate cause; and (4) injury to the plaintiff." Thronburgh v. Fed. Express Corp., 62 S.W.2d 421, 427 (Mo. Ct. App. 2002). Plaintiffs' Petition fails to allege facts demonstrating the existence of any legally-recognized duty owed to Plaintiffs by Defendants or any facts from which a duty may be reasonably inferred. Accordingly, Count 1 (general negligence) and Count 3 (negligence infliction of emotional distress) must be dismissed.

Second, Missouri law does not recognize a claim for failure to supervise as pled by plaintiffs. Missouri law allows a cause of action against an employer for tortious failure to supervise only as to conduct by employees outside the scope of their employment. Gibson v. Brewer, 952 S.W.2d 239, 247 - 248 (Mo. 1997). Plaintiffs assert tort claims against Defendants for failure to supervise employee conduct engaged in by Defendants' employees within the scope of their employment. Accordingly, Plaintiffs state no claim for failure to supervise and both Count 2 (negligent failure to supervise) and Count 5 (intentional failure to supervise) are dismissed.

Lastly, a successful claim of intentional infliction of emotion distress requires (1) that the defendant's conduct was extreme and outrageous; (2) defendant acted in an intentional or reckless manner; and (3) such conduct resulted in severe emotional distress. Cent. Mo. Elec. Corp. v. Balke, 119 S.W.3d 627, 636 (Mo. Ct. App. 2003).

First, even construing the allegations as true, the conduct described in Plaintiffs' complaint does not exceed the requisite bounds of decency to carry an intentional infliction of emotional distress claim. The initial determination of outrageousness is a question for the court. St. Anthony's Med. Ctr. v. H.S.H., 974 S.W.2d 606, 611 (Mo. Ct. App. 1998). To qualify as "outrageous," the alleged conduct must be "so outrageous in character, and so extreme in degree,

as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." May v. Greater Kansas City Dental Soc'y, 863 S.W.2d 941, 948 (Mo. Ct. App. 1993) (citations omitted). Plaintiffs' allegations that Defendants mistook them for the liable party do not constitute a level of conduct that is " utterly intolerable in a civilized community." Second, Plaintiffs allege no facts demonstrating intent to cause severe emotional harm. Thomas v. Special Olympics Mo., Inc., 31 S.W.3d 442 (Mo. Ct. App. 2000). Accordingly, Count 4 (intentional infliction of emotional distress) is dismissed.

For the forgoing reasons, Defendants' Motion to Dismiss is GRANTED.

IT IS SO ORDERED

/s/ DEAN WHIPPLE
Dean Whipple
United States District Judge

DATE: March 20, 2006